UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRUCE WHITE, *Petitioner*, | ) | |
| v. | ) | No. 1:26-cv-02047-JMS-MJD |
| UNITED STATES OF AMERICA, *Respondent*. | ) | |

**ORDER**

Defendant Bruce White filed a Motion for Compassionate Release in his underlying criminal case, *United States v. Bruce White*, 1:13-cr-00051-JMS-TAB-1 (the "Criminal Case"), on June 16, 2026. [Filing No. 125 in the Criminal Case.] The Motion for Compassionate Release was treated as a motion for relief under 28 U.S.C. § 2255 and this new civil action was opened.

## I. BACKGROUND

On November 26, 2013, Mr. White was sentenced to 180 months' imprisonment for one count of Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1). [*See* Filing Nos. 60 and 63 in the Criminal Case.] On October 2, 2014, Mr. White filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, [Filing No. 65 in the Criminal Case], which the Court subsequently denied, [Filing No. 71 in the Criminal Case]. Mr. White has now filed a Motion for Compassionate Release (treated by the Court as a § 2255 motion), [Filing No. 1], which is ripe for the Court's consideration.[1]

[1] Before the Court opened this civil action, Mr. White filed a supplement to his motion, the Government responded to Mr. White's motion, and Mr. White filed a reply in the Criminal Case. [Filing Nos. 130, 133, and 134 in the Criminal Case.] These filings have been docketed in this case. [Filing No. 3; Filing No. 5; Filing No. 6.]

## II.
## Discussion

In support of his Motion, Mr. White argues that there was an error in correcting his sentence because he was incorrectly found to be a career offender, which resulted in "a 180 month enhancement." [Filing No. 1 at 1.] Specifically, he states that his "agg. burglary and robbery conviction succeeded the qualifying years of 15 in order for it to be a [predicate] warr[a]nting [a] Career Offender Act enhancement." [Filing No. 1 at 1.] He asserts that if he had been sentenced correctly "using the drug sentencing guidelines based on quantity," he would have only been sentenced to 26 months' imprisonment. [Filing No. 1 at 2.] Mr. White provides more details regarding his aggravated burglary and robbery sentences in a supplemental brief. [*See* Filing No. 3.]

The Government argues in its response, among other things, that Mr. White's motion is a collateral attack on his sentence, which is not a proper subject of a motion for compassionate release. [Filing No. 5 at 7-8.] It asserts that Mr. White can only bring his arguments through a § 2255 motion and that he filed a § 2255 motion earlier in this case and "certainly had the opportunity to argue that his trial counsel was ineffective for not objecting to his qualification as a career offender," but did not do so. [Filing No. 5 at 9.]

Mr. White argues in his reply that he does not "intend[ ] to ask [the Court] to modify his term of imprisonment," but only asks the Court "to correct a serious miscarriage of justice, a[ ] constitutional violation of [his] due process [rights], [and] illegal imprisonment" since he was incorrectly found to be a career offender. [Filing No. 6 at 1-2.]

A petitioner may not seek another round of review under § 2255 unless the appropriate court of appeals has certified that such a filing should be allowed under 28 U.S.C. § 2255(h). *Hogsett v. Lillard*, 72 F.4th 819, 820-21 (7th Cir. 2023). A district court lacks jurisdiction to

consider a successive § 2255 motion unless the court of appeals has first authorized its filing. *Hare v. United States*, 688 F.3d 878, 880 (7th Cir. 2012) (citing *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)). Mr. White has already filed a § 2255 motion, [Filing No. 65 in the Criminal Case], which the Court denied, [Filing No. 71 in the Criminal Case]. Because Mr. White did not obtain permission from the Seventh Circuit Court of Appeals to file a successive petition, this Court does not have jurisdiction over this case. Accordingly, Mr. White's Motion for Compassionate Release (treated as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255), [Filing No. 1], is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.[2]

## III.
## CONCLUSION

Mr. White's Motion for Compassionate Release (treated as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255), [1], is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**. Final judgment shall enter accordingly. The Clerk shall docket a copy of this Order in Mr. White's Criminal Case (No. 1:13-cr-00051-JMS-TAB-1).

## IV.
## DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v.*

[2] The Court notes that Mr. White has not shown that compassionate release is appropriate in any event. Even if he could establish extraordinary and compelling reasons for release, the Court finds that he is a danger to any other person or to the community and that the factors set forth in 18 U.S.C. § 3553(a) weigh against release. Mr. White's underlying offense was serious, involving selling cocaine to a confidential informant. He has a substantial criminal history, including crimes of violence, and his probation has been revoked multiple times. And significantly, Mr. White's current incarceration is due to violating the terms of his supervised release approximately two months after he was released from serving his original sentence.

*Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. White has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

Date: 9/25/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**

**<u>Distribution via United States Mail to:</u>**

Bruce White
#70768051
USP BIG SANDY
U.S. Penitentiary
P.O. Box 2068
Inez, KY 41224